UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ALEXANDER RADETICH, by his attorney-in-fact,
MILDRED RADETICH

                        Plaintiff,

       vs.

JENNIFER LANGER JACOBS, as
Assistant Commissioner of the Division of Medical
Assistance and Health Services of the New Jersey
Department of Human Services and
CAROLE JOHNSON, as Commissioner of the
Department of Human Services

                   Defendant.

**COMPLAINT**

Civil Action No.:

      Plaintiff, ALEXANDER RADETICH, a resident of Spring Grove Rehabilitation and

Health Care,   located at 144 Gales Drive, New Providence, New Jersey 07974, by way of

Complaint against defendants Carole Johnson, Commissioner, New Jersey Department of

Human Services, P.O. Box 712, Trenton, New Jersey; and Jennifer Langer Jacobs, Assistant

Commissioner, New Jersey Division of Medical Assistance and Health Services, P.O. Box 712,

Trenton, New Jersey, r says the following:

## JURISDICTION

1.  Jurisdiction is founded upon 28 *U.S.C.* § 1331.

## PARTIES

2.  Plaintiff Alexander Radetich is a ninety-one (91) year old individual who applied for

    benefits under New Jersey's medical assistance program ("Medicaid") effective August

    1, 2019. 42 *U.S.C.* § 1396 *et. seq.*; *N.J.S.A..* 30:4D-1, *et. seq.;* and *N.J.A.C.* 10:71-1.1 *et.*

    *seq.*

3.  Plaintiff is a resident of the State of New Jersey.

4.  Since on or about May 8, 2018, plaintiff has been a resident of Spring Grove Rehabilitation and Health Care, a skilled nursing facility in New Providence, NJ.

5.  Defendant Carole Johnson ("Commissioner Johnson") was at all relevant times the Commissioner of the New Jersey Department of Human Services ("DHS"), which supervises the administration of the Medicaid program in New Jersey. *N.J.S.A.* 30:4D-3.

6.  Defendant Jennifer Langer Jacobs ("Assistant Commissioner Langer Jacobs") was at all relevant times the Assistant Commissioner of the New Jersey Division of Medical Assistance and Health Services ("DMAHS") which is responsible for the administration of the Medicaid program. Assistant Commissioner Langer Jacobs reports directly to Commissioner Johnson and exercises supervision over the activities of DMAHS. *N.J.S.A.* 30:4D-3(d).

7.  Defendants Johnson and Langer Jacobs are collectively hereinafter referred to as "the Defendants."

8.  The State Defendants contract with various county welfare agencies in each county throughout the State of New Jersey to process applications for Medicaid benefits. The Union County Division of Social Services ("UCDSS") is the county welfare agency in Union County. The UCDSS processed Alexander Radetich's application for Medicaid benefits.

**FACTS**

9.  On or about September 25, 2018, plaintiff's wife ("community spouse") Mildred Radetich purchased a single-premium, immediate payout Croatian Fraternal Union of America ("Croatian") annuity contract (**EXHIBIT A**) .for a single premium of

2

4828-3775-8896, v. 1

$608,000.00, with monthly fixed payments to be made to her in the amount of $25,375.49 per month for a period of twenty-four (24) months, commencing October 7, 2018, and ending September 7, 2020 ("the annuity"). The purchase was placed through Krause Financial Services. The annuity had an effective date of September 27, 2018.

10. The annuity contract fully complies with all requirements of 42 *U.S.C.* § 1396p(c)(1)(F) and (G) in that it:

    a.  is actuarially sound pursuant to 42 *U.S.C.* § 1396p(c)(1)(G)(ii)(II); State Medicaid Manual ("SMM") § 3258.9B. Plaintiff's wife  was 77 years old at the time the annuity was purchased and her actuarial life expectancy in accordance with the actuarial publications of the Office of the Chief Actuary of the Social Security Administration was 10.83 years at that time; See **EXHIBIT B**, a copy of SMM § 3258.9B (the SMM is a publication of the Center for Medicare and Medicaid Services ("CMS") formerly known as the Health Care Finance Administration, the agency of the United States Department of Health and Human Services responsible for administering the Medicaid program);

    b.  provides for payments in equal monthly installments with no deferral or balloon payments pursuant to 42 *U.S.C.* § 1396p(c)(1)(G)(ii)(III);

    c.  names the State of New Jersey as beneficiary in the first position for the total amount of medical assistance benefits paid on behalf of Alexander Radetich. 42 *U.S.C.* § 1396p(c)(1)(F)(i). The annuity names the estate of Mildred Radetich as the contingent beneficiary. See **EXHIBIT A**.

    d.  is irrevocable and non-assignable pursuant to 42 *U.S.C.* § 1396p(c)(1)(G)(ii)(I).

3

As such, the annuity fully complies with all requirements of the Deficit Reduction Act of 2005 ("DRA"), P.L. 109-171 (hereinafter referred to as "DRA-compliant" or "Medicaid-compliant" annuity).

11. Although the DRA made changes to the "transfer of asset" rules, it made no changes to existing Supplemental Security Income ("SSI") rules, 42 *U.S.C.* § 1381, *et. seq.,* requiring that annuity payments be treated as "unearned income." 20 *C.F.R.* § 416.121(a); 42 *U.S.C.* § 1382(a)(2)(B).

12. In determining financial eligibility for the Medicaid program for persons aged sixty-five (65) or older, a State may not use a more restrictive methodology for determining eligibility than is used for determining SSI eligibility, though it is free to use a less restrictive methodology. This includes the methodology of determining what is and what is not a resource for the applicant (or the applicant's spouse, where applicable). 42 *U.S.C.* §§1396a(r)(2)(A) and 1396a(a)(10)(C)(i)(III).

13. In August 2019, Plaintiff applied for institutional Medicaid benefits, seeking an eligibility date of August 1, 2019. Unbeknownst to Plaintiff, the Defendants adopted a policy to count Croatian annuities as resources based on the presence of certain verbiage in the contract and the occurrences in an unrelated Medicaid application case called *M.M. v. Division of Medical Assistance and Health Services,* OAL Dkt. No: HMA 1057-2019, Final Agency Decision dated June 19, 2019. (**See EXHIBIT C**)

14. On November 27, 2019, the Union County Division of Social Services denied eligibility on the basis that "a Croatian Annuity is not unacceptable (*sic)*, therefore $608,219.43 is considered a resource. Case is denied, client resources exceed the allowable standard for the Nursing Home Medicaid program." (**See EXHIBIT D**).

15.  On page 7 of Mrs. Radetich's Croatian Annuity (**EXHIBIT A**), there is the following phrase: "3….(b) only the National President or the National Secretary/Treasurer of the Croatian Fraternal Union of America may, in writing, make or change a contract or waive any of its rights or requirements." (hereinafter referred to as "phrase 3(b)").

16. Plaintiff filed a timely request for Fair Hearing to pursue and preserve her administrative remedies, and the case was placed on the inactive list due to the filing of a lawsuit in this court in a case called JANE CUSHING, by her attorney-in-fact, Evelyn Fornale vs. Jennifer Langer Jacobs, Ass't Commissioner of DMAHS of NJ and Carole Johnson as Commissioner of the Dep't of Human Services, under docket #  Civil Action 2:20-130, concerning the validity of the State's policy to count a Croatian annuity as a resource.

17. The annuity contract at issue in the Cushing case contained the identical phrase 3(b) as that in Mrs. Radetich's contract.

18. In the earlier administrative case, *M.M. v. Division of Medical Assistance and Health Services,* supra, DMAHS had issued a Final Agency Decision that the cited clause rendered M.M.'s Croatian Annuity contract revocable and, therefore, a resource. (**EXHIBIT C**)

19. On March 25, 2020, in the aforesaid Cushing case, the Honorable William J. Martini, U.S.D.J., found that the State's reliance upon the facts and decision in *M.M*. and the State's interpretation of phrase 3(b) and the annuity contract was unsupported and invalid. (**EXHIBIT E**)

20. The Court granted Cushing's Motion for Summary Judgment and entered an Injunction prohibiting the State of New Jersey from: (1) Continuing to enforce,  or (2) Directing their employees, subordinates, attorneys, and assigns to enforce; A policy that an

4828-3775-8896, v. 1

annuity contract issued by the Croatian Fraternal Union of America, which is subject to a provision that the 'National President or Secretary/Treasurer of the Croatian Fraternal Union of America may, in writing, make or change a contract or waive any of its rights or requirements' be counted as an available resource, due to the presence of that term."
(**EXHIBIT E)**

21. On April 2, 2020, notification was sent to the Assistant Union County Counsel for the Radetich case with a copy of the Cushing injunction and a request that the Un ion County Division of Social Services rescind its decision. No rescission has been forthcoming despite multiple requests. (**EXHIBIT F**)

22. Plaintiff's Fair Hearing is presently on the inactive list at the New Jersey Office of Administrative Law (**EXHIBIT G**).

## FIRST STATEMENT OF CLAIM

23. The Defendant has violated and is violating 42 USC 1382b, 42 U.S.C. §§ 1396a(a)(10)(C)(i)(III)  and 42 USC 1396a(r)(2), which are enforceable under 42 U.S.C. § 1983.

## SECOND STATEMENT OF CLAIM

24.  The Defendant has violated and is violating 42 U.S.C. § 1396p(d)(6), which is enforceable under 42 U.S.C. § 1983.

6

4828-3775-8896, v. 1

## THIRD STATEMENT OF CLAIM

25. Defendants are collaterally estopped from continuing to assert that the Croatian annuity may be counted as a resource when the reasons cited are the same as those that were fully and fairly litigated, and rejected by the court in Cushing.

WHEREFORE, the Plaintiff prays for judgment:

1.  Enjoining the Defendants CAROLE JOHNSON and  JENNIFER LANGER JACOBS, effective three calendar months prior to the month an injunction is issued, pursuant to 42 U.S.C. § 1396a(a)(34), from enforcing or directing her employees, subordinates, attorneys and assigns to enforce a policy that an annuity policy issued by Croatian Fraternal Union of America which is subject to a provision that the "National President or Secretary/Treasurer of the Croatian Fraternal Union of America may, in writing, make or change a contract or waive any of its rights or requirements" should be counted as an available resource in determining the Medicaid eligibility of the owner of such an annuity.

2.  Declaring that the policy of the Defendants CAROLE JOHNSON and JENNIFER LANGER JACOBS that an annuity policy issued by Croatian Fraternal Union of America which is subject to a provision that the "National President or Secretary/Treasurer of the Croatian Fraternal Union of America may, in writing, make or change a contract or waive any of its rights or requirements" should be counted as an available resource in determining the Medicaid eligibility of the owner of such an annuity is illegal, null and void.

3.  Awarding the Plaintiff ALEXANDER RADETICH such other and further relief as appears just and proper, including costs and attorney's fees pursuant to 42 U.S.C. § 1988.

7

8

Dated:  August  6, 2020

s/ Linda S. Ershow-Levenberg

Linda S. Ershow-Levenberg, Esq.
Fink Rosner Ershow-Levenberg,LLC
60 Walnut Avenue, suite 2020
Clark, NJ 07066
(732) 382-6070
(732) 382-7986  (fax)
Linda@FRE-L.com


s/ John W. Callinan
JOHN W. CALLINAN, Esq.
Suite 103
2052 Highway 35
Wall, NJ 07719
Tel: 732-974-8898
johncallinan@optonline.net
JC-9572

8

4828-3775-8896, v. 1